SOMMERVILLE, J.
This is a personal injury suit for $10,000, brought by the parents of a boy, who was some 18 years of age. He is alleged to have been hurt while working in the employ of the defendant company. There was judgment in favor of plaintiffs for $2,000, from which defendant prosecutes this appeal.
Plaintiffs allege that the defendant did not furnish a sufficient number of men to do the work; that it failed to instruct plaintiffs’ son, a minor, of the danger attending the work assigned him; that said minor was directed to do the work in a dangerous way; that the machine was broken and out ■of repair; and that the wrench furnished the boy to work with was dangerous and unfit for the work.
[1, 2] Plaintiffs have clearly failed to make their case certain by a preponderance of evidence. The only witness to the accident was the son of plaintiffs. He testified that he was given work to do which should have been done by another man, who was absent from the mill. He also testifies to the other allegations made in the petition. He is contradicted by the foreman, who was over him, in the employ of defendant company. The latter positively testifies that he did not assign the boy to do duty at the part of the machine where he was hurt, and that he had instructed the boy to come to him if the machine got out of order during the absence of the man who had the machine in charge, and that the boy failed to notify him of any trouble whatever.
In view of the testimony of the main witness for the plaintiffs', some of which is negative in its character, being contradicted by that of the main witness for the defendant, it is impossible to affirm the judgment appealed from. No good reason suggests itself why the statement made by plaintiffs’ son should be taken in preference to that made by the chief witness for the defendant. There is no preponderance of evidence in favor of the plaintiffs. The testimony of defendant’s foreman is rational and reasonable, and it is supported in many particulars; and we shall give judgment for defendant.
It is therefore ordered, adjudged, and decreed that there be judgment reversing the judgment appealed from, and dismissing the suit, at plaintiffs’ costs.